## George, Appellant, *v.* Conneaut Township.

*Evidence—Parol evidence to explain written agreement.*

Parol evidence may be given to explain a written agreement so far as to give locality and identity to the subject-matter of it, and apply the contract to it.

Where the subject-matter of contract is a ditch, and the parties differ as to which ditch was intended, parol evidence is admissible to show the ditch intended.

*Appeals—Assignments of error.*

An assignment of error which embraces four distinct portions of the charge of the court below relating to different questions, is in violation of Rules 14 and 15 of the Superior Court.

Argued May 21, 1901.    Appeal, No. 105, April T., 1901, by plaintiff, from judgment of C. P. Crawford Co., Feb. T., 1897, No. 148, on verdict for defendant in case of James George v. Conneaut Township.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Assumpsit on a contract.

The facts are fully stated in the opinion of the Superior Court.

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were (1, 2, 3, 4, 5,) rulings on evidence referred to in the opinion of the Superior Court.    (6–10) Various instructions.

*F. P. Ray*, with him *H. J. Humes & Son*, for appellant.— Parol evidence was inadmissible: Irvin v. Irvin, 142 Pa. 287 ; Martin v. Berens, 67 Pa. 459; Barnhart v. Riddle, 29 Pa. 96 ; Union Storage Co. v. Speck, 194 Pa. 133; Wodock v. Robinson, 148 Pa. 503.

*George F. Davenport*, for appellee.—Parol evidence was admissible to explain the subject-matter of the agreement: Barnhart v. Riddle, 29 Pa. 92; Centenary M. E. Church v. Clime, 116 Pa. 146 ; Gould v. Lee, 55 Pa. 99; Bertsch v. Lehigh Coal & Navigation Co., 4 Rawle, 130.

OPINION BY BEAVER, J., July 25, 1901:

The rule regulating the admission of parol testimony to explain the subject-matter of a written contract is clearly laid down in Barnhart v. Riddle, 29 Pa. 92. The distinction between testimony which would vary the terms of a written instrument and that which would explain the subject-matter of it is there pointed out and applies to the present case.

The contract between the plaintiff and the defendant was for "the right to convey the water coming and being in the public road from Linesville to Penn Line and in the ditches thereof east of the east line of said James George's land into a ditch now made and existing along the said east line of the said George's land ; " in consideration for which the defendant agreed to pay plaintiff the sum of $50.00. It was also further agreed that the plaintiff should "open up the said ditch and keep the same open and in proper condition to convey the said water from the said roads and ditches " and should keep "said ditch in repair. The gravel and other material from said ditch to be put upon the public road, under directions of supervisors and path-masters, at convenient places." In consideration of the opening of the ditch, the plaintiff was to be paid $20.00, and, for keeping the ditch in repair, the sum of $10.00 per year. The defendant secured, under this agreement, a perpetual right of way for the water from the road, the opening of the ditch (evidently then filled to a greater or less degree), the keeping of the ditch open and the return of the materials therein upon the public road. The defendant received, as a consideration, $50.00 for the right of way, $20.00 for opening up the ditch, and $10.00 per year thereafter for keeping it open.

The contract was in reference to "a ditch now made and existing along said east line of the said George's land." What ditch was then existing? The plaintiff claims that it was a ditch twenty-five or thirty rods long, having a descent from the road to its lowest point of eleven feet. The defendant claims that it was a ditch seventy-five or eighty rods long, with a steep descent for the first twenty-five or thirty rods and a much less grade for the remainder of the distance. Which of these contentions is correct? The plaintiff claims that the cleaning out of the ditch and the deposit of the materials upon the road for that particular time satisfied the requirements of

the contract and that, inasmuch as there has been no collection of sand and gravel in the upper part of the ditch, as he claims it, and it has not been necessary to clean it out or repair it, he is entitled to $10.00 per year, whether he does anything or not. The defendant claims that the upper part of the ditch cleans itself; that in the very nature of the case there can be no collection of materials in it, for the reason that in the rapid fall the water from the road will carry with it to the lowlands everything which may be collected upon the road. The agreement itself is entirely silent as to these questions. It is not self-explanatory.

What was the ditch concerning which the parties contracted? As bearing upon this question, what were the conditions at the time which induced the contract? Parol testimony as to these questions was offered and received by the court and this action is complained of in the first, second, third, fourth and fifth assignments of error. We think the evidence was properly received. "Parol evidence may be given to explain a written agreement, so far as to give locality and identity to the subject-matter of it and apply the contract to it:" Bertsch v. Lehigh Coal & Navigation Co., 4 Rawle, 130 ; Morris's Appeal, 88 Pa. 368. What was done by the plaintiff, under the contract, showing his own interpretation thereof in the years following its execution? There was evidence upon this subject which, as we recall the testimony, was not seriously contradicted. The contention of the plaintiff during the trial from the first was that the agreement only required him to take the water from the road and his strenuous effort was made to shut out all testimony which related to the lower part of the ditch, to the conditions which led to the making of the written agreement and to the terms expressed in the latter part of the agreement itself. The court, however, having opened the door to the admission of parol testimony, which is complained of in the assignments of error heretofore referred to, and the testimony upon the subject being abundant and relevant, it was natural that the defendant should put his case in the form of points for charge, the second of which fairly expresses his contention and the answer to which shows the attitude of the court which is complained of in the sixth assignment of error. The point and answer are as follows : " If the jury believe from the evidence

that at the time of and prior to the making of said contract, the ditch along plaintiff's east line was open for about twenty-five or thirty rods from the road, and the descent was sufficient for the water to keep the ditch open for that distance, and, if they find that beyond that distance the land was low, and the ditch was then filled up with dirt and gravel; and if the jury further find that it was the agreement and understanding of the parties at the time of making the contract, that the opening of the ditch and keeping the same open and in proper condition to convey the water from the road, referred to that portion of the ditch along the east line at the foot of and beyond the slope of twenty-five or thirty rods; and, if the jury still further find that the plaintiff did not keep said portion of the ditch open in the years 1895 and 1896, nor put any gravel therefrom upon the road, he is not entitled to recover," the answer to which was as follows: "This point is affirmed, if you find that portion of the ditch is the one they were contracting about." The answers to modifications of this point, covering practically the same ground, are the basis of the seventh, eighth and ninth assignments of error. There is nothing erroneous in the answers to any of these points. The main question as to what constituted the subject-matter of the contract was left to the jury and, as matter of course, if the defendant failed to comply with his contract, he is not entitled to recover.

The tenth assignment of error disregards our 14th and 15th rules. It embraces four distinct portions of the charge of the court below relating to different questions, and some of them do not embrace any distinct proposition, containing but portions of the paragraphs of the charge relating to the subject as to which complaint is made. For these reasons it is not necessary to discuss this assignment at length but it may not be amiss to say that, taking the charge as a whole, we find no substantial error. The whole case was fully brought out and fairly left to the jury.

Judgment affirmed.